IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-80,100-01




EX PARTE MARQUEE LAMOND SMITH, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. F-0752424-J
                         IN THE CRIMINAL DISTRICT COURT NUMBER THREE
 FROM DALLAS COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
aggravated assault and, after a period of deferred adjudication, was sentenced to twenty years’
imprisonment. The Fifth Court of Appeals affirmed his adjudication. Smith v. State, 05-10-00267-CR (Tex.App.—Dallas June 17, 2011).
            Applicant contends, among other things, that the complainant has now signed an affidavit
stating that she did not know that anyone had been convicted of the assault against her, and that
Applicant was not the person who assaulted her in October 2005. The State points to DNA
evidence showing that Applicant’s DNA was found as a result of doing a rape kit on the
complainant after the assault. Applicant contends that the DNA was a result of consensual sex
with the complainant, not an assault.
            We believe that in cases such as this one, before we make the important decision of
whether Applicant is entitled to relief, the record should be more fully developed. The trial court
shall therefore conduct a live evidentiary hearing on the matter at which the complainant shall be
called to testify. Notice of the hearing and an opportunity to testify shall be given to those
persons who participated in the trial or the investigation. 
            The trial court shall determine whether the complainant provided the affidavit included
with Applicant’s application. The trial court shall also make findings as to the credibility of the
complaining witness’ statement. The court shall make further findings of fact regarding the
circumstances surrounding the complainant’s new statement, including the delay between the
trial and the new affidavit. The trial court shall specifically weigh the evidence of Applicant’s
guilt, including all of the testimony at trial, against the new evidence of innocence. See Ex parte
Tuley, 109 S.W.3d 388, 393 (Tex. Crim. App. 2002). The trial court shall enter findings of fact as
to the credibility of each witness and as to whether Applicant is entitled to relief. 
            Applicant also raises issues of ineffective assistance of counsel at both the initial plea and
the adjudication. He alleges that his initial plea was coerced by counsel and that counsel failed to
investigate the claims against him. He alleges that counsel at adjudication was ineffective for
allowing the trial court to use a revocation allegation that had already been determined at a prior
revocation hearing. Applicant has alleged facts that, if true, might entitle him to relief. 
Strickland v. Washington, 466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex.
Crim. App. 1999). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum
for findings of fact. The trial court shall order trial counsel to respond to Applicant’s claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d).
            The trial court shall make findings as to whether counsel conducted an investigation of
the original claims against Applicant or if he coerced Applicant into pleading guilty. The trial
court shall make findings as to whether an old revocation allegation was used to adjudicate
Applicant’s guilt, and if so, whether counsel objected to its use. The trial court shall make
findings as to whether the performance of Applicant’s trial counsel was deficient and, if so,
whether counsel’s deficient performance prejudiced Applicant. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant’s claim for habeas corpus relief.
            It appears that Applicant is not represented by habeas counsel. The trial court, within 30
days of the date of this order, shall determine whether Applicant is indigent. If Applicant is
indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the evidentiary hearing. Tex. Code Crim. Proc. art. 26.04. 
            This application will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing
the transcription of the court reporter’s notes from the live evidentiary hearing and a copy of the
exhibits admitted, along with the trial court’s findings of fact and conclusions of law and a copy
of the trial record, including the clerk’s record and a transcription of the reporter’s record of the
trial, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of
time shall be obtained from this Court.
 
Filed: January 15, 2014
Do not publish